IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CORDARO BONNER, | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 24 CV 05777 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

*Pro se* petitioner Cordaro Bonner filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the Court denies Bonner's motion and declines to certify any issues for appeal. 28 U.S.C. § 2253(c)(2).

**Background**

On August 7, 2019, Bonner was charged in a two-count indictment with unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and possession of a controlled substance, namely marijuana, in violation of 21 U.S.C. § 844(a). *United States v. Bonner*, No. 19 CR 00634-1 (N.D. Ill). The indictment arose from Bonner's arrest on February 25, 2019, after Bonner, while knowingly in possession of a loaded semi-automatic pistol, fled from police officers through a residential area and threw the firearm onto the balcony of a residence in an attempt to discard it. On January 19, 2022, Bonner voluntarily pleaded guilty to the first count of the indictment pursuant to a plea agreement with the Government.

On April 14, 2022, this Court entered judgment against and sentenced Bonner to 62 months of incarceration, with credit for time already served, as well as a term of three years of supervised release. Bonner filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) on February 21, 2024.

1

Thereafter, Bonner, who is currently incarcerated, filed the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The handwritten date on the signature page of the motion displays June 25, 2024. The file stamp indicates that the Clerk's Office for the U.S. District Court for the Northern District of Illinois received the motion on July 2, 2024.

**Legal Standard**

To obtain relief under 28 U.S.C. § 2255, a petitioner must show that his "sentence was imposed in violation of the Constitution or laws of the United States, the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." A petitioner must bring a § 2255 motion within one year of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). For purposes of calculating the deadline under the relevant limitations period, a pro se prisoner's paper is deemed "filed" at the moment of delivery to prison officials for forwarding to the district court. *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (adopting "mailbox rule").

**Discussion**

Bonner brings this motion arguing that his conviction pursuant to 18 U.S.C. § 922(g)(1) is invalid after the Supreme Court's opinion in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). Specifically, Bonner (1) raises a facial and as-applied constitutional challenge to his conviction under the Second Amendment of the U.S. Constitution, and (2) claims that he received ineffective assistance of counsel because his trial counsel failed to research, advise Bonner about, or challenge Section 922(g)(1) under the Second Amendment.

The Government argues that the Court should dismiss Bonner's motion because it is untimely, and, separately, because Bonner has not demonstrated actual innocence. We agree.

## I. Bonner's § 2255 Motion is Untimely

Bonner's motion is untimely. Bonner had one year to file his § 2255 motion. 28 U.S.C. § 2255(f). The one-year statute of limitations commenced upon the latest of: (1) the date on which judgment of conviction became final; (2) the removal of a government-created unconstitutional impediment preventing a timely filing; (3) the date on which a right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim could have been discovered through due diligence. *Id.*

Because Bonner claims neither the existence of any unconstitutional government-created impediment that prevented him from filing this motion nor that he was unaware of relevant facts, the Court finds that § 2255(f)(2) and (4) are inapplicable for purposes of determining the timeliness of Bronner's motion. The Court thus turns its analysis to § 2255(f)(1) and (3).

### *§ 2255(f)(1)*

Bonner's petition is untimely under § 2255(f)(1). Under § 2255(f)(1), a petitioner must bring a § 2255 motion within one year of the date on which the judgment of conviction becomes final. Where a defendant does not exercise his right to direct appeal, a judgment of conviction becomes final when the deadline to appeal the sentence expires. *See Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013).

This Court entered judgment against Bonner on April 14, 2022. Bonner had 14 days to appeal the judgment to the Seventh Circuit, *see* Fed. R. App. P. 4(b), but did not invoke this right. The judgment therefore became final upon expiration of Bonner's right to appeal—14 days after the Court

3

entered judgment—on April 28, 2022. Bonner had until April 28, 2023, one year after which the judgment of conviction became final, to file a § 2255 motion.

Under the prison mailbox rule of *Houston v. Lack*, 487 U.S. 266 (1988), Bonner "filed" this motion on June 25, 2024, the date that appears on the signature page of the motion. The Court deems this date a sufficient proxy for the date that Bonner delivered the motion to prison officials. *See Houston*, 487 U.S. at 275-76. In light of Bonner's April 28, 2023 deadline, Bonner's motion is untimely by nearly 14 months. The Government's incorrect date calculation is of no consequence, as the Court's use of the earlier date still renders Bonner's motion untimely.

### § 2255(f)(3)

Under § 2255(f)(3), a petitioner must file a § 2255 motion within one year from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Bonner alleges that the right at issue stems from *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).

The Court need not address whether the holding in *Bruen* retroactively applies to cases on collateral review. As the Government correctly notes, *Bruen* was decided on June 23, 2022, and thus Bonner should have brought his § 2255 motion within one year of that date, by June 23, 2023. Bonner's motion is late by more than one year.

**II.     Equitable Tolling is Inapplicable in this Case**

To obtain equitable tolling, a petitioner has the burden of demonstrating that (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Ademiju v. United States*, 999 F.3d 474, 477 (7th Cir. 2021) (extraordinary circumstances must be outside of the litigant's control). In evaluating the availability of equitable tolling, the district court must holistically evaluate the full set of

4

circumstances the petitioner faced. *Gray v. Zatecky*, 865 F.3d 909, 912 (7th Cir. 2017) (internal citations omitted).

Bonner is not entitled to equitable tolling of the § 2255 limitations period. Bonner has not pointed to any extraordinary circumstances outside of his control that made him incapable of filing this motion in a timely fashion. *Ademiju*, 999 F.3d at 477. Indeed, the Court is unaware of any facts suggesting the presence of extraordinary circumstances that would excuse Bonner's untimely filing of a § 2255 motion. Accordingly, equitable tolling is unavailable here.

### III.     Bonner Makes No Claim of Actual Innocence

Actual innocence is an alternative method by which to excuse a petitioner's untimely § 2255 motion. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A prisoner may overcome a procedural bar to relief upon having presented a "credible showing of actual innocence[.]" *Id.* at 392.

The Court finds that Bonner's untimeliness is not excused under this exception. Bonner makes no allegation of actual innocence and offers no new evidence. The Court has no reason to believe that this exception is applicable here.

### IV.     Denial of Certificate of Appealability and Notice of Appeal Rights

The Court declines to issue a certificate of appealability. A petitioner must obtain a certificate before appealing from the denial of a § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). Where a district court denies a § 2255 motion on procedural grounds, that court should issue a certificate of appealability if reasonable jurists could debate both that the petition states a valid claim of the denial of a constitutional right and that the district court was correct in its procedural ruling. *Slack v. McDonald*, 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. 2253(c).

This Court's procedural ruling is correct beyond debate. A federal prisoner is foreclosed from filing a § 2255 motion outside of the statute of limitations, absent equitable tolling or actual innocence. The Court need not address whether reasonable jurists could debate the merits of Bonner's petition.

Bonner is advised that this is a final decision ending his case in this Court. If he wishes to appeal, he must file a notice of appeal with this Court within sixty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1)(B)(i); *Morales v. Bezy*, 499 F.3d 668, 671 (7th Cir. 2007). He need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if he wishes the Court to reconsider the judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

## V.  Conclusion

For these reasons, the Court denies petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Dkt. 1.) The Court declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2). Civil case terminated.

**SO ORDERED.**

_____
Sharon Johnson Coleman
United States District Judge

DATED: 12/18/2024